KITTERMAN v. THE CHICAGO, MILWAUKEE & ST. PAUL R'Y CO.

1. **Practice on Appeal:** WHAT NOT CONSIDERED. Alleged errors not apparent on the record, and to which the attention of the trial court has not been called, will not be considered on appeal to this court.

2. **Appeal to Supreme Court:** TIME OF TAKING: MOTION FOR NEW TRIAL. An appeal lies from a refusal to grant a new trial, for the purpose of reviewing any error involved in such ruling which is assigned with the necessary exactness; and the appeal may be taken within six months from the date of the order.

3. **Assignment of Error:** EXACTNESS. An assignment of error, that the "court erred in overruling the first, second and third grounds of defendant's motion for a new trial," *held*, sufficiently specific, where said grounds stated, though in different ways, but a single proposition.

4. **Practice on Appeal:** EXCESSIVE DAMAGES: REMITTITUR. Where the only error discovered on appeal is that the damages are clearly excessive, the appellee will be allowed to remit the excess, or, if he fails or refuses so to do, the cause will be remanded for a new trial.

*Appeal from Wapello Circuit Court.*

THURSDAY, OCTOBER 7.

THE petition states that the defendant, without right or authority, entered upon certain real estate owned by the

plaintiff, and constructed its road over and across the same, threw down her fences, destroyed her growing crops, failed to construct cattle guards, and otherwise injured the plaintiff's premises, to her great damage.

The defendant denied the allegations of the petition, and pleaded that it entered upon said premises because it had the right to do so for the purpose of constructing its road. Trial by jury, judgment for the plaintiff for $250, and the defendant appeals.

*Chambers, McElroy & Carver,* for appellant.

*W. W. Cory,* for appellee.

SEEVERS, J.—I.   The court submitted to the jury, under proper instructions, the question whether defendant entered the premises as a trespasser, and should be ejected and removed therefrom.   This special interrogatory was answered in the negative.   Counsel for the appellee insists that the interrogatory and answer cannot be considered, because it was not submitted to counsel for the appellee, as provided by statute.   The abstract fails to show whether the claimed fact is true or not, and we cannot presume that it was.   Besides this, we are unable to discover that this question was presented in the court below at any time, and it is certain that it should not be raised for the first time here.

*1. PRACTICE on appeal: what not considered.*

II.   The appeal was taken on the twenty fifth day of September, 1885.   There is some controversy when the judgment was rendered, but counsel for the appellee contend that it was rendered on the twenty-first day of the preceding March, and therefore it is claimed that the appeal was not taken in time. Upon the rendition of the verdict a motion for a new trial was filed, which was overruled on the twenty-eighth day of March.   An appeal lies from a refusal to grant a new trial, Code, § 3163.   The appeal from the order refusing a new

*2. APPEAL to supreme court: time of taking: motion for new trial.*

trial was therefore taken in time, and, as substantially the only error assigned is that the verdict is not sustained by the evidence, we think the error assigned may be considered, if the assignment is sufficiently specific; which appellee contends it is not. The error assigned is that the "court erred in overruling the first second and third grounds of defendant's motion for a new trial." The grounds referred to, while stated in three different ways, amount to the same thing, and embrace but a single proposition, and that is, briefly stated, that the verdict is not supported by the evidence. We think the assignment is as specific as it could be made without unnecessary prolixity.

3. ASSIGN-
MENT of er-
ror: exact-
ness.

III. The jury found that the plaintiff's damages were $250. Under the instructions and special finding, all damages for an unlawful entry on the right of way were eliminated. The defendant entered on the premises early in August, and this action was commenced on the fourth day of October following. Because the appellee has filed an abstract making corrections in the appellant's abstract, which corrections are denied by the appellant in a subsequent abstract, we have carefully examined the transcript, and particularly the evidence of Mrs. Fetterly, a daughter of the plaintiff, on whose evidence the plaintiff relies to sustain the verdict. Appellant concedes that the plaintiff is entitled, under the evidence, to recover something, but insists that the verdict is excessive, and in this we feel forced to concur. It is not our practice to support our conclusions by a statement and discussion of the evidence, but we may say that it is claimed that the witness stated that the pasture was worth $100, and therefore it is insisted that the jury could well find that the plaintiff had been damaged in that sum. No such conclusion can be drawn from the evidence of Mrs. Fetterly, which is exceedingly loose, uncertain and unreliable. But, if force and effect is given thereto, which the jury had the right to do, it does not tend to show that the damages exceeded $100. This

4. PRACTICE
on appeal:
excessive
damages: re-
mittitur.

is an exceedingly liberal estimate, and we think the jury must have become confused as to the damages which, under the instructions, on the theory that the defendant was not a trespasser, the plaintiff was entitled to recover.

The plaintiff may, if she desires, remit in the circuit court $150 of the judgment, or a new trial must be granted. The defendant must have judgment for its costs in this court.

REVERSED.